## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL BOURRIENNE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible Opportunities and Income Fund, WESTON W. MARSH, Trustee of the Calamos Convertible Opportunities and Income Fund, JOE F. HANAUER, former Trustee of the Calamos Convertible Opportunities and Income Fund, JOHN E. NEAL, Trustee of the Calamos Convertible Opportunities and Income Fund, WILLIAM R. RYBAK, Trustee of the Calamos Convertible Opportunities and Income Fund, STEPHEN B. TIMBERS, Trustee of the Calamos Convertible Opportunities and Income Fund, DAVID D. TRIPPLE, Trustee of the Calamos Convertible Opportunities and Income Fund, CALAMOS ADVISORS, LLC, an investment advisor and Delaware limited liability company, CALAMOS ASSET MANAGEMENT, INC, a Delaware corporation and publicly held holding company, and JOHN AND JANE DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 AND 1446 PURSUANT TO SECURITIES LITIGATION UNIFORM STANDARDS ACT OF 1998 |
| Defendants. | ) ) ) ) ) | |

## NOTICE OF REMOVAL

Pursuant to the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p

and 78bb ("SLUSA"), and 28 U.S.C. §§ 1441 and 1446, defendants John P. Calamos, Sr.,

Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers, David

D. Tripple, Calamos Advisors LLC, and Calamos Asset Management, Inc ("Defendants"), by

their respective attorneys, hereby give notice of the removal of this action to the United States District Court for the Northern District of Illinois.

As grounds for removal, Defendants state as follows:

1.    On September 14, 2010, plaintiff Russell Bourrienne filed an action in this Court against Calamos Convertible Opportunities and Income Fund (the "Fund") and each of the Defendants herein, which was assigned United States District Court for the Northern District of Illinois Case No. 1:10-cv-5833.  The Complaint in that action contained similar allegations, and pleaded the same claims as, the Complaint in the instant action.[1]  Case No. 1:10-cv-5833 was dismissed voluntarily by plaintiff on October 7, 2010.

2.    Plaintiff refiled his action in the Circuit Court of Cook County, Illinois, on October 15, 2010, where it was assigned Case No. 10 CH 45119.  Counsel for the respective Defendants accepted service of the Complaint in the Cook County action on October 19, 2010.  This Notice of Removal is filed within thirty days of such date, in accordance with 28 U.S.C. § 1446(b).

3.    The Complaint in this action alleges that plaintiff Russell Bourrienne owns common shares issued by the Fund, which is a Delaware statutory trust and a closed-end investment company registered under the Investment Company Act of 1940, as amended (the "ICA").  (Compl. ¶¶ 1-2)  Defendant Calamos Advisors LLC is alleged to be the investment advisor to the Fund, and defendant Calamos Asset Management, Inc. is alleged to be a holding company affiliated with Calamos Advisors LLC.  (Compl. ¶¶ 18, 19)  Defendants Weston Marsh, Joe Hanauer, John Neal, William Rybak, Stephen Timbers and David Tripple are current or former Trustees of the Fund.  (Compl. ¶¶ 9-15)  Defendant John Calamos, Sr. is a Trustee of

---

[1]    However, unlike its predecessor, the Complaint in the instant action does not name the Fund as a defendant.

the Fund, as well as an employee of what the Complaint refers to as the "Calamos Sponsorship Group," *i.e.*, defendants Calamos Advisors, LLC, Calamos Asset Management Corporation, and unidentified affiliates of those companies. (Compl. ¶¶ 9, 26, 29) The Complaint also purports to be brought against unknown defendants identified fictitiously as "John and Jane Does 1-100." (Compl. ¶ 16)

### Jurisdiction Pursuant to SLUSA

4. SLUSA permits the removal of, and precludes, actions meeting four conditions. SLUSA applies where: (1) the underlying suit is a "covered class action"; (2) the action is based upon state statutory or common law; (3) the action concerns a "covered security"; and (4) the case alleges "a[n] untrue statement or omission of a material fact in connection with the purchase or sale of a covered security," or that the defendant "used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b), (c); 15 U.S.C. § 78 bb(f)(1), (2).[2]

5. Each of SLUSA's requirements for removal and preclusion is met in this case in that:

> (a) This case constitutes a "covered class action" within the meaning of 15 U.S.C. § 78 bb(f)(5)(B), in that the Complaint purports to seek damages on behalf of a putative class consisting of more than 50 persons (Compl ¶¶ 21-22, 57-58, 63-64, 71, Prayer for Relief ¶ F);[3]

---

[2] SLUSA added parallel provisions to the Securities Act of 1933 and the Securities Exchange Act of 1934. For ease of reference, all further citations to SLUSA in this Notice of Removal will be to the provisions of SLUSA appearing in the 1934 Act.

[3] The Defendants in this case, together with the Fund, have removed a case brought by another of the Fund's common shareholders, who purports to represent the same class. That case, captioned *Brown v. Calamos*, *et al.*, United States District Court for the Northern District of Illinois, Docket No. 10-cv-6558, has been assigned to District Judge Elaine E. Bucklo.

(b)     The Complaint purports to be based upon the statutory or common law of a state rather than upon federal law (Compl., Count I, purporting to plead a cause of action for "Breach of Fiduciary Duty"; Count II, purporting to plead a cause of action for "Aiding and Abetting a Breach of Fiduciary Duty"; Count III, purporting to plead a cause of action for "Unjust Enrichment");

(c)     The Complaint purports to assert claims on behalf of owners of the Fund's common shares, which constitute "covered securities" within the meaning of SLUSA both because the common shares of the Fund are listed on the New York Stock Exchange and because the common shares are securities issued by an investment company registered under the Investment Company Act of 1940, thereby satisfying the standards of Section 18(b)(1), (2) of the Securities Act of 1933, 15 U.S.C. § 77r(b)(1), (2) (Compl. ¶¶ 1, 2, 21);

(d)     The Complaint alleges misrepresentations or omissions of material fact in connection with the purchase or sale of covered securities, *i.e.*, the common shares issued by the Fund.  More specifically, the Complaint alleges, *inter alia*:

(i)      That the Fund filed reports with the Securities and Exchange Commission representing that the Fund's primary investment objective is to "provide total return through a combination of capital appreciation and current income" (Compl. ¶ 23);

(ii)     That the Fund's SEC filings described its "Ability to Put Leverage to Work" as an advantage of the Fund which was "important to its common shareholders" (Compl. ¶ 25(d));

(iii)    That to achieve financial leverage, the Fund issued auction market preferred shares ("AMPS," sometimes referred to in the Complaint as "ARS"), which provided "favorable" financing for the Fund's common shareholders  (Compl. ¶¶ 25);

(iv)    That the Fund made public statements indicating that the term of the AMPS was perpetual, a feature "especially important" and "significantly valuable" to the Fund's common shareholders, which made AMPS "a more attractive source of leverage than borrowing" (Compl. ¶¶ 25(a), 44);

(v)    That notwithstanding these alleged representations, the Defendants caused the AMPS to be redeemed by the Fund in order to provide liquidity to the holders of AMPS following the collapse of the auction market for AMPS in February 2008 and, ostensibly, to further the business objectives of the Calamos Sponsorship Group (Compl. ¶¶ 36-38);

(vi)    That in order to fund redemption of the AMPS, the Individual Defendants caused the Fund to incur debt on terms "disadvantageous compared with AMPS" (Compl. ¶ 42);

(vii)    That the redemption of the AMPS has impaired the Fund's stated advantage to common shareholders—its ability to "put leverage to work" and "earn positive returns on leverage," one of the "key elements of an investment in common stock of the Fund"  (Compl. ¶¶ 25(d), 47);

(viii)    That the redemption of the AMPS caused damage to "common shareholders who invest in the Fund based in part on the expectation that they will receive dividend payments," which now assertedly "have been

reduced because funds that would otherwise have been available to pay such dividends have been diverted to pay the increased costs associated with the Replacement Borrowing and/or to fund the redemption of AMPS" (Compl. ¶¶ 47-48, 51(a));

(ix) That the redemption of the AMPS "defeat[ed] an important aspect of the investment rationale for the common shareholders, i.e., that the Fund could 'put leverage to work' to provide cash flow for distribution to the common shareholders" (Compl. ¶51(b)); and

(x) That as a consequence of the foregoing, the value of the Fund's common shares owned by members of the putative class assertedly has been reduced (Compl. ¶ 51(d)).

6. None of the exceptions to SLUSA preclusion are applicable in that:

(a) This action was not brought as "an exclusively derivative action" within the meaning of 15 U.S.C. § 78bb(f)(5)(C);

(b) Without limitation, this is not an action based upon the statutory or common law of the state in which the Fund is organized involving:

(i) the "purchase or sale of securities" by the issuer or an affiliate of the issuer "exclusively from or to holders of equity securities of the issuer," within the meaning of 15 U.S.C. § 78bb(f)(3)(A)(ii)(I), or

(ii) any "recommendation, position, or other communication with respect to the sale of securities" made by or on behalf of the issuer or an affiliate of the issuer and concerning decisions of equity holders of such securities with respect to "voting their securities, acting in response to a tender or

exchange offer, or exercising dissenters' or appraisal rights," 15 U.S.C.

§ 78bb(f)(3)(A)(ii)(II);

(c)     this is not an action brought by a State, a political subdivision

thereof, or a State pension plan on its own behalf, or as a member of a class

comprised solely of other States, political subdivisions, or State pension plans (15

U.S.C. § 78bb(f)(3)(B)); and

(d)     this is not an action that seeks to enforce a contractual agreement

between an issuer and an indenture trustee (15 U.S.C. § 78bb(f)(3)(C)).

7.     <u>Proper Venue.</u>  The Northern District of Illinois, Eastern Division, is the federal

district court for the district and division encompassing Cook County, Illinois, in which the

action was brought, and removal to this Court therefore is proper pursuant to 28 U.S.C.

§ 1446(a).

8.     <u>Consent to Removal.</u>  All named defendants in this case have joined in this Notice

of Removal.   For purposes of removal, defendants sued under fictitious names, such as

defendants "John and Jane Does 1-100" in this action, are disregarded.  *See, e.g.*, *General Cas.

Co. of Ill. v. Professional Mfrs. Representatives*, No. 08 C 6650, 2008 WL 4968847, *1 (N.D. Ill.

Nov. 24, 2008).

9.     <u>Pleadings and Process.</u>  Pursuant to 28 U.S.C. § 1446(a), true and correct copies

of all process, pleadings and orders served upon the defendants in Circuit Court of Cook County,

Illinois, Case No. 10 CH 45119, are appended as Exhibit A to this Notice of Removal.

10.     <u>Filing and Notice.</u>  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of

Removal is being filed with the Clerk of the Circuit Court of Cook County and served upon

plaintiff's counsel of record.

Dated: November 12, 2010

Defendants Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers, and David D. Tripple

By: _____ /s/ John W. Rotunno _____
John W. Rotunno
*One of their attorneys*

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000

Defendants John P. Calamos, Sr., Calamos
Advisors LLC, and Calamos Asset
Management, Inc.

By: _____ /s/ Michael F. Derksen _____
Michael F. Derksen
*One of their attorneys*

Kevin B. Dreher
Michael F. Derksen
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: 312.324.1000
Facsimile: 312.324.1001

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that he caused true and correct copies of the foregoing Notice of Removal, including all attachments thereto, to be served upon:

Leigh Lasky
Norman Rifkind
350 North LaSalle Street, Suite 1320
Chicago, Illinois 60654

by messenger delivery, and upon:

Brian P. Murray
Murray, Frank & Salier LLP
275 Madison Avenue, Suite 801
New York, NY 10016

by placing copies of such documents in a properly addressed envelope, with prepaid first-class postage affixed, and depositing said envelope in the United States Mail chute located at 70 West Madison Street, Chicago, Illinois, all on November 12, 2010.

/s/  John W. Rotunno
John W. Rotunno