## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL BOURRIENNE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-07295 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible Opportunities and Income Fund, et al., | ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) ) | |

## **DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT**

Defendants Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers and David D. Tripple (collectively, the "Independent Trustee Defendants"), by their attorneys, and defendants John P. Calamos, Sr., Calamos Advisors LLC, and Calamos Asset Management, Inc. (collectively, the "Calamos Defendants"), by their attorneys, respectfully move the Court to dismiss the Complaint of Plaintiff Russell Bourrienne on the ground that it is precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(b) and § 78bb(f)(1), and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Alternatively, with respect to any claims that the Court may find are not precluded by SLUSA: (i) the Independent Trustee Defendants and the Calamos Defendants move to dismiss any claims derivative in nature pursuant to Rule 12(b)(6) and Rule 23.1 of the Federal Rules of Civil Procedure for failure to allege demand on the Board of Trustees of the Fund, or to state with particularity the reasons Plaintiff should be excused from making demand; (ii) the

Independent Trustee Defendants and John P. Calamos, Sr. (collectively, the "Individual Defendants") move to dismiss Count I of the Complaint pursuant to Rule 12(b)(6) on the ground that, as a matter of law, the Individual Defendants do not owe the duties alleged in Count I or, if they do owe such duties, the facts alleged fail to state a claim for breach thereof; and (iii) Calamos Advisors LLC and Calamos Asset Management, Inc. move to dismiss Counts II and III of the Complaint pursuant to Rule 12(b)(6) for failure to state claims upon which relief can be granted against them.

In support of their Joint Motion, the Defendants state as follows:

1.      On September 14, 2010, the Plaintiff in this action, Russell Bourrienne, filed a putative class action in this Court, which was assigned Case No. 10-cv-5833. The Complaint in that action named as defendants each of the Defendants in the instant case, in addition to the Calamos Convertible Opportunities and Income Fund (the "Fund"), contained allegations similar to the Complaint in the instant action, and pleaded the same claims as the Complaint in the instant action. Case No. 10-cv-5833 was dismissed voluntarily by Plaintiff on October 7, 2010.

2.      Plaintiff refiled his action in the Circuit Court of Cook County, Illinois, on October 15, 2010. On November 12, 2010, Defendants timely removed that action to this Court pursuant to Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p(b), (c) and 78bb(f)(1), (2) ("SLUSA").

3.      The Complaint in this action is pleaded in three counts. Count I of the Complaint purports to assert a claim against the Individual Defendants, each of whom is a Trustee of the Fund, for alleged breach of fiduciary duty. Count II of the Complaint purports to assert a claim against Calamos Advisers LLC and Calamos Asset Management, Inc. for aiding and abetting the asserted breach of fiduciary duty alleged in Count I. Finally, Count III of the Complaint purports

to assert a claim against Calamos Advisors LLC and Calamos Asset Management, Inc. for unjust enrichment.

4.     The Complaint fails to state a claim upon which relief can be granted against any of the Defendants, and should be dismissed as to each Defendant, in that the claims asserted in the Complaint are precluded by SLUSA.  SLUSA precludes actions meeting the following four conditions: (1) the underlying suit is a "covered class action"; (2) the action is based upon state statutory or common law; (3) the action concerns a "covered security"; and (4) the case alleges "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security," or that the defendant "used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."  15 U.S.C. § 78bb(f)(1); 15 U.S.C. § 77p(b).  Each of the requirements for preclusion under SLUSA is met in this case.

5.     In the alternative, with respect to any claims that the Court may find are not precluded by SLUSA and which are derivative in nature, such claims fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) and Rule 23.1 of the Federal Rules of Civil Procedure for failure to allege demand on the Board of Trustees of the Fund, or to state with particularity the reasons Plaintiff should be excused from making demand.

6.     In the alternative, with respect to any claims that the Court may find are not precluded by SLUSA:

(a)     Count I of the Complaint fails to state a claim upon which relief can be granted against the Individual Defendants and should be dismissed pursuant to Rule 12(b)(6) in that, as a matter of law, the Individual Defendants do not owe the duties

alleged in Count I or, if they do owe such duties, the facts alleged fail to state a claim for breach;

(b)     Count II of the Complaint fails to state a claim upon which relief can be granted against Calamos Advisors LLC and/or Calamos Asset Management, Inc. and should be dismissed pursuant to Rule 12(b)(6) in that (i) the Complaint fails to plead a claim for breach of fiduciary duty by the Individual Defendants, upon which the claim asserted in Count II is predicated, and (ii) the Complaint fails to adequately allege that Calamos Advisors LLC and/or Calamos Asset Management, Inc. aided and abetted a breach of fiduciary duty;

(c)     Count III of the Complaint fails to state a claim upon which relief can be granted against Calamos Advisors LLC and/or Calamos Asset Management, Inc. and should be dismissed pursuant to Rule 12(b)(6) in that the Complaint fails to allege facts necessary to plead a cause of action for unjust enrichment.

7.     In further support of their Motion, the Defendants respectfully refer the Court to the following memoranda submitted herewith:

(a)     Defendants' proposed Joint Memorandum in Support of the Independent Trustee Defendants' and the Calamos Defendants' Motion to Dismiss the Complaint, addressing grounds for dismissal pursuant to SLUSA, which is oversize and is the subject of a motion for leave to file *instanter*;

(b)     The Independent Trustee Defendants' Supplemental Memorandum in Support of Joint Motion to Dismiss the Complaint, which addresses the grounds, in the alternative to SLUSA, for the dismissal of all claims in the Complaint against the Independent Trustee Defendants; and

4

        (c)      The Calamos Defendants' Supplemental Memorandum in Support of Joint Motion to Dismiss the Complaint, which addresses the grounds, in the alternative to SLUSA, for the dismissal of all claims in the Complaint as to those Defendants.

WHEREFORE, for the reasons stated herein and in the aforementioned proposed Joint Memorandum and Supplemental Memoranda, Defendants respectfully request that the Court dismiss the Complaint of Plaintiff Russell Bourrienne with prejudice, and that the Court grant Defendants their costs of suit and such other relief as the Court deems just and proper.

Dated: December 3, 2010

Defendants Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers and David D. Tripple

By:         /s/ John W. Rotunno
                 *One of their attorneys*

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000

Defendants John P. Calamos, Sr., Calamos Advisors, LLC, and Calamos Asset Management, Inc.

By:         /s/ Christian J. Mixter
                 *One of their attorneys*

Christian J. Mixter (*pro hac vice*)
Patrick D. Conner (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001

Kevin B. Dreher
Michael F. Derksen
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: 312.324.1000
Facsimile: 312.324.1001

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, certifies that he caused the foregoing *Defendants' Joint Motion to Dismiss the Complaint* to be served automatically via CM/ECF upon the following counsel of record:

Leigh Lasky
Norman Rifkind
Amelia S. Newton
Heidi E. VonderHeide
LASKY & RIFKIND, LTD.
350 North LaSalle Street, Suite 1320
Chicago, Illinois 60654

Marvin L. Frank
MURRAY, FRANK & SALIER LLP
275 Madison Avenue, Suite 801
New York, New York 10016


        /s/  John W. Rotunno
        John W. Rotunno