**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RUSSELL BOURRIENNE, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN P. CALAMOS, SR., Trustee of the )<br>Calamos Convertible Opportunities and Income Fund, et al., )<br>)<br>Defendants. ) | Case No. 10-cv-07295<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Susan E. Cox |

**CALAMOS DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF JOINT MOTION TO DISMISS**

Defendants Calamos Advisors, LLC, Calamos Asset Management, Inc. (the "Calamos Defendants"), and John P. Calamos, Sr.[1] respectfully submit this memorandum in support of their motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**INTRODUCTION**

The Defendants have explained in their Joint Memorandum that the Complaint should be dismissed on the grounds of SLUSA preemption, and the Independent Trustee Defendants in their Supplemental Memorandum have explained that Count I of the Complaint should be dismissed for failure to state a claim for breach of fiduciary duty based on the Trustees' decision to redeem the auction market preferred shares of the Fund ("AMPS"). In addition to those

---

[1] The Independent Trustees of the Calamos Convertible Opportunities and Income Fund ("Fund") are separately represented in this case by K&L Gates LLP. Plaintiff sued Mr. Calamos in his capacity as a Trustee of the Fund under Count I of the Complaint, and he joins in that portion of the Independent Trustees' Supplemental Memorandum that is directed against Count I. The Calamos Defendants also join in the Independent Trustees' Supplemental Memorandum because it establishes that Plaintiff has failed to state a claim for breach of fiduciary duty under Count I of the Complaint, and the aiding and abetting and unjust enrichment claims asserted against the Calamos Defendants in Counts II and III of the Complaint are dependent upon the alleged breach asserted in Count I.

arguments, the Calamos Defendants submit this memorandum in support of their motion to dismiss Counts II and III of the Complaint, which assert claims of aiding and abetting the breach of fiduciary duty alleged in Count I and unjust enrichment as a result of the same alleged breach. Count II, the aiding and abetting claim, is supported by only conclusory allegations that fail to sustain an inference that the Calamos Defendants were aware of their alleged role, that they substantially assisted in the alleged underlying breach, or that Plaintiff was harmed. Because the fiduciary duty claim and the aiding and abetting claim are insufficient as a matter of law, Count III's claim for unjust enrichment fails because it is premised on them. Additionally, the Complaint fails to allege facts that support any inference that the Calamos Defendants were, in fact, unjustly enriched at Plaintiff's expense. These derivative and unsupported claims against the Calamos Defendants should be dismissed.[2]

## ARGUMENT

### I. PLAINTIFF'S AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY CLAIM SHOULD BE DISMISSED.

Plaintiff's allegations cannot sustain his aiding and abetting claim. To state a claim of aiding and abetting a breach of fiduciary duty, a plaintiff must plead facts showing:

> (1) the party whom the defendant aids must perform a wrongful act which causes an injury; (2) the defendant must be regularly aware of his role as part of the overall or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.

*Grimes v. Saikley*, 904 N.E.2d 183, 196, 328 Ill. Dec. 421, 434 (Ill. App. Ct. 2009) (*quoting Thornwood, Inc. v. Jenner & Block*, 799 N.E.2d 756, 767, 278 Ill. Dec. 891, 902 (Ill. App. Ct. 2003)) (brackets in original) (internal quotation marks omitted). Plaintiff's aiding and abetting

---

[2] The Joint Memorandum summarizes relevant portions of the Complaint. (Joint. Mem. at 2-5). To avoid repetition, the Calamos Defendants adopt the defined terms and recitation of the alleged facts contained in the Joint Memorandum.


claim against the Calamos Defendants fails in the first instance because he has not established that the Trustees have primary liability for any purported breach of fiduciary duty. Moreover, Plaintiff's claims fail to meet the standards set forth by the Illinois courts for aiding and abetting liability and fail to allege enough non-conclusory facts to meet applicable pleading standards. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

### A. Count II Should Be Dismissed Because Plaintiff Has Failed to Show That the Trustees Have Primary Liability.

The first element of aiding and abetting liability requires Plaintiff to establish an underlying breach of fiduciary duty. *See In re Nanovation Tech., Inc.*, 364 B.R. 308, 345-46 (Bankr. N.D. Ill. 2007); *see also Watts v. Jackson Hewitt Tax Serv. Inc.*, 675 F. Supp. 2d 274, 280 (E.D.N.Y. 2009) (finding that a prerequisite to an aiding and abetting breach "is an adequately pled claim for the underlying breach of fiduciary duty"). Because the underlying breach of fiduciary duty claim against the Trustees must be dismissed, the aiding and abetting claim fails to state a plausible claim for relief and must be dismissed as a matter of law. *See Nanovation Tech.*, 364 B.R. at 345-46 (finding for defendant on aiding and abetting claim because there was no evidence indicating that the board of directors breached their fiduciary duties to plaintiff).[3]

### B. Count II Should Be Dismissed Because Plaintiff Has Failed to Adequately Plead a Claim for Aiding and Abetting a Breach of Fiduciary Duty.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial

---

[3] *See also Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, 651 F. Supp. 2d 155, 186-87 (S.D.N.Y. 2009) (dismissing aiding and abetting claims because plaintiff failed to "adequately plead the existence of a primary tort"); *Globis Partners, L.P. v. Plumtree Software, Inc.*, No. 1577-VCP, 2007 Del. Ch. LEXIS 169, at *55 (Del. Ch. Nov. 30, 2007) (same).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. Factual allegations must be enough to raise a right to relief above the speculative level. *SEC v. Benger*, 697 F. Supp. 2d 932, 937 (N.D. Ill. 2010) (citing *Twombly*, 550 U.S. at 555). Although well-pleaded factual allegations in a complaint must be accepted as true and construed in the light most favorable to the plaintiff, a court need not accept as true conclusions of law, conclusions unsupported by the facts alleged, bald assertions, or unwarranted factual inferences. *Twombly*, 550 U.S. at 555.[4] Plaintiff has failed to allege facts sufficient to support his aiding and abetting claim.

> **1. Plaintiff has not alleged facts supporting an inference that the Calamos Defendants were "regularly aware of their role" or "knowingly and substantially" assisted in the underlying alleged breach of fiduciary duty.**

Count II of the Complaint merely recites the legal elements of an aiding and abetting claim, without alleging any facts that support these elements. (Compl. ¶¶ 60-64) The only support cited is the barest of references to "encouragement" or "participation" by the Calamos Defendants. (Compl. ¶¶ 61-62) However, there are no allegations explaining what action by the Calamos Defendants constituted the "encouragement" or "participation" or when it occurred. Allegations of "encouragement," "participation," or "advice" do nothing more than restate the skeletal elements of the claim and do not support an inference that the Calamos Defendants were "regularly aware of their role" or "substantially assisted" in the alleged primary violation related to the redemptions. *See Grimes*, 904 N.E.2d at 196-97, 328 Ill. Dec. at 434-435.

---

[4] In reversing a dismissal of a racial discrimination claim, the Seventh Circuit recently noted that, while pleading specific facts is usually not necessary, more complicated financial cases analogous to this one "will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

Further, Plaintiff alleges earlier in the Complaint that the Calamos Defendants, in conjunction with the Trustees, caused the AMPS to be redeemed:

> to further the business interests of the Calamos Sponsorship Group by responding to the concerns of investment banks and brokers facing liability for the illiquidity in the ARS market, and not to further the interests of the Fund or the holders of its common stock.

(Compl. ¶ 38) While this statement, made on Plaintiff's "information and belief," alleges *why* the Calamos Defendants might encourage the redemption of the AMPS, it does not allege facts as to *how* the Calamos Defendants encouraged the purported breach of fiduciary duty. The Complaint's failure to allege how the Calamos Defendants were "regularly aware of their role" in the alleged tortious activity or substantially assisted in the alleged breach requires dismissal of Count II. *Grimes*, 904 N.E.2d at 196-97, 328 Ill. Dec. at 434-435.

As in *Grimes*, the Calamos Defendants have no unilateral authority to make the Independent Trustees take any particular action, *id.*, and mere allegations of knowledge and approval cannot support an inference of "substantial assistance." *See Morin v. Trupin*, 711 F. Supp. 97, 113 (S.D.N.Y. 1989) ("[M]ere knowledge and approval of the primary wrongdoing does not constitute substantial assistance."). Thus, Plaintiff's repeated recitation of the fact that the AMPS were redeemed – even if the Calamos Defendants approved of the redemption – is simply not enough by itself to support an inference that the Calamos Defendants substantially assisted in the alleged breach of fiduciary duty. *See Premier Capital Mgmt, LLC v. Cohen*, No. 02-C-5368, 2008 WL 4378313, at *2 (N.D. Ill. Mar. 24, 2008) (granting summary judgment on aiding and abetting claim). Under the standards of *Iqbal* and *Twombly*, such threadbare recitals of the elements of a cause of action, supported by only conclusory statements, are insufficient as a matter of law and require dismissal. *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers

'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'").[5]

### 2. Plaintiff has not shown that he has sustained any injury as a result of the Calamos Defendants' conduct.

Plaintiff alleges that he suffered harm as a result of the alleged Trustees' breach of fiduciary duty because: (1) dividends paid by the Fund to common shareholders have been reduced (Compl. ¶ 51(a)-(b)); (2) potential future cash flows will be reduced (Compl. ¶ 51(c)); and (3) the value of the Fund's common shares is lower than it would have been if the AMPS had not been redeemed (Compl. ¶ 51(d)). The harms Plaintiff alleges are not direct, palpable injuries caused by the Calamos Defendants' actions. "The injury must be . . . 'distinct and palpable', and not 'abstract' or 'conjectural' or 'hypothetical'." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citation omitted). Even if the AMPS had not been redeemed, there is no guarantee that Plaintiff would have received any dividends at all because the declaration of dividends is discretionary. *See Bosley v. Baltimore County,* 804 F. Supp. 744, 750-51 (D. Md. 1992) (finding that plaintiff's alleged injury of lost increase in the value and dividends of his stock was conjectural and hypothetical because the declaration of dividends is discretionary). The Fund's Prospectus plainly explains that the payment and rate of dividends is discretionary.[6]

---

[5] *See also S&B v. Progress Energy Florida, Inc.*, 365 Fed. Appx. 202, 207 (11th Cir. 2010) (plaintiff's aiding and abetting breach of fiduciary duty claim fails as a matter of law because "[t]he complaint is void of any facts other than conclusory allegations that [defendant] provided substantial assistance to or encouragement of any wrongdoing by [plaintiff's] employees."); *Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 588 F. Supp. 2d 375, 386 (E.D.N.Y. 2008) (pleading requirement under *Twombly* is not satisfied when aiding and abetting claim relies on vague allegations); *Brittain v. IndyMac Bank, FSB*, No. C-09-2953 SC, 2009 U.S. Dist. LEXIS 84863, *9-10 (N.D. Cal. Sept. 16, 2009) (aiding and abetting claim dismissed where complaint's allegations were wholly conclusory).

[6] "The Fund may at times, and in its discretion, pay out less than the entire amount of net investment income earned in any particular period and may at times pay out such accumulated undistributed income in addition to net investment income earned in other periods in order to permit the Fund to maintain a more stable level of distributions. As a result, the dividend paid by the Fund to holders of common shares for any particular period may be more or less than the amount of net investment income earned by the

Accordingly, Plaintiff has not adequately alleged a direct and palpable injury attributable to the Calamos Defendants' actions, and his claim must be dismissed.

## II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED.

### A. Plaintiff's Failure to Properly Allege That the Calamos Defendants Aided and Abetted a Breach of Fiduciary Duty Is Fatal to His Unjust Enrichment Claim.

Plaintiff's claim for unjust enrichment is premised on the Calamos Defendants' alleged conduct in aiding and abetting the Trustees' purported breach of fiduciary duty. (Compl. ¶ 68) Plaintiff's unjust enrichment claim cannot survive without first properly alleging that the Calamos Defendants committed a tort: "[T]he tort . . . is an element of [the plaintiff's] cause of action: it is the ground that makes retention of the benefit unjust." *Int'l Bus. Machines Corp. v. Comdisco, Inc.*, CA91C-07-199, 1993 WL 259102, at *23 (Del. Super. Ct. June 30, 1993) (internal quotation marks omitted).[7] Because Plaintiff has failed to properly allege that the Calamos Defendants aided and abetted a breach of fiduciary duty, Plaintiff's claim in Count III for unjust enrichment also fails as a matter of law. *See In re Lear Corp. Shareholder Litig.*, 967 A.2d 640, 657 (Del. Ch. 2008) (dismissing unjust enrichment claim for failure to allege wrongdoing because of complaint's failure to plead facts supporting claim for aiding and abetting a breach of fiduciary duty).

### B. Plaintiff Fails to Allege Facts Necessary for His Unjust Enrichment Claim.

Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010). The elements of an

---

fund during such period. The Fund is not required to maintain a stable level of distributions to shareholders." Prospectus, Calamos Convertible Opportunities and Income Fund, Common Shares of Beneficial Interest, filed with the SEC on June 26, 2002, at 25, *available at* http://www.sec.gov/Archives/edgar/data/1171471/000095012402002168/c68995pse497.txt.

[7] Plaintiff specifically pled his unjust enrichment claim under Delaware law. (Compl. ¶ 66)

unjust enrichment claim under Delaware law are: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *Id.* Count III must be dismissed because the Complaint fails to adequately allege how the Calamos Defendants have been enriched or what relation exists between the alleged enrichment and impoverishment.

### 1. The Complaint does not adequately allege that the Calamos Defendants have been enriched.

The Complaint alleges that "the enrichment of the Calamos Defendants has come in the form of fees and other revenues received by them from the Fund and from other Calamos Sister Funds as the result of the inequitable conduct complained of herein." (Compl. ¶ 68) However, these allegations in Count III are not supported by the facts alleged throughout the Complaint and are internally inconsistent – to the extent that Plaintiff claims that the Calamos Defendants' actions diluted the value of the common shares of the Fund (Compl. ¶ 51(d)), the Calamos Defendants would actually experience a *decrease* in compensation via advisory fees. Under the "fund business model," as alleged by Plaintiff, the Calamos Defendants receive management fees in connection with their management of the funds, and the public filings that Plaintiff references in his Complaint make clear that the management fee is based on a percentage of the overall "managed assets" in the Fund. (Compl. ¶¶ 26-30, 68; Form N-CSR, Dec. 29, 2008, at 23,[8] cited at Compl. ¶ 44). Thus, in alleging that the redemptions of AMPS *decreased* the value of the common shares of the Fund, the Calamos Defendants would proportionally experience a *decrease* in the advisory fees they receive based on the managed assets of the Fund. Plaintiff's internally inconsistent allegations cannot support a claim for unjust enrichment.

---

[8]*Available at* http://sec.gov/Archives/edgar/data/1171471/000095013708014575/c47839nvcsr.htm.

### 2. Plaintiff has not established that he has suffered unjust detriment as a result of any enrichment.

Even if the Calamos Defendants were enriched by any increased fees or revenues, the Complaint does not allege how this was at Plaintiff's expense. In fact, the Complaint specifically describes the detriment experienced as "injury to [Plaintiff's] investment in the **Fund** . . . ." (Compl. ¶ 69) (emphasis added). The detriment Plaintiff is alleging here is one that the Fund, not Plaintiff, experienced, and Plaintiff has not shown that he is entitled to the fees or revenue allegedly enjoyed by the Calamos Defendants. *See Cement-Lock v. Gas Technology Institute,* No. 05 C 0018, 2007 WL 4246888, at *31 (N.D. Ill. Nov. 29, 2007) ("Because Plaintiffs here have failed to establish any entitlement to the increased salaries and bonuses allegedly paid to the individual Defendants, their unjust enrichment claim against these parties is dismissed."). Moreover, Plaintiff's allegations of unjust enrichment based on dilution of the Fund highlight the derivative nature of these claims, which should not be allowed in this direct action, as explained in more detail on pages 2-4 of the Independent Trustees' Supplemental Memorandum. In short, Plaintiff has shown no relation between the alleged enrichment and his alleged loss because any alleged dilution in the value of the Fund or reduced dividends did not inure to the benefit of the Calamos Defendants. Thus, Plaintiff's unjust enrichment claim should be dismissed along with the aiding and abetting a breach of fiduciary duty claim.

### CONCLUSION

For all of the foregoing reasons, the Calamos Defendants' motion to dismiss should be granted.

| | |
|---|---|
| Dated:  December 3, 2010 | Defendants John P. Calamos, Sr., Calamos Advisors, LLC, and Calamos Asset Management, Inc. |
| | By:  /s/ Michael F. Derksen<br>*One of their attorneys* |

Kevin B. Dreher
Michael F. Derksen
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: 312.324.1000
Facsimile: 312.324.1001

Christian J. Mixter (admitted *pro hac vice*)
Patrick D. Conner (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused the foregoing *Calamos Defendants' Supplemental Memorandum in Support of Joint Motion to Dismiss* to be served automatically via the CM/ECF on December 3, 2010 to the following counsel of record:

Leigh Lasky
Norman Rifkind
350 North LaSalle Street, Suite 1320
Chicago, Illinois 60654

Brian P. Murray
Murray, Frank & Salier LLP
275 Madison Avenue, Suite 801
New York, NY 10016

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602

      /s/ Michael F. Derksen
    Michael F. Derksen